JUDGE SEIBEL

09 CV

ORIGINAL 9270

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| ANDREW GERALD ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| AFNI, INC. ) | COMPLAINT WITH |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

NOW COMES PLAINTIFF ANDREW GERALD ("Plaintiff") complaining against DEFENDANT AFNI, INC.. ("Defendant") and averring as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

(1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the New York State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3. Plaintiff, Andrew Gerald ("Plaintiff"), is a natural person residing in Richmond County, New York.

4. Defendant, AFNI, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant stating to Plaintiff that AFNI is immune from the state statute of limitations barring legal suit on alleged debt after 6 years (§ 1692e(2)(A));

   b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening Defendant threatening to engage the judicial process if Plaintiff did not immediately remit payment on the alleged debt (§ 1692e(5));

   c) Communicating or threatening to communicate credit information which is known or which should be known to be false, including Defendant continuing to report false information on the alleged debt where Plaintiff has unequivocally disputed the account and denies the validity of the debt (§ 1692e(8)); and

d) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including any document tending to inform Plaintiff of his right to dispute the alleged debt or any portion thereof within the required statutory period (§ 1692g(a)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;
    B. Actual damages pursuant to 15 USC 1692k and the Common Law of New York;

 C. Statutory damages pursuant to 15 U.S.C. § 1692k plus damages for malicious reduction of Plaintiff's credit score;

 D. Punitive Damages pursuant the Common Law of New York;

 E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of New York; and,

 F. For such other and further relief as may be just and proper.

This __21st__ day of October, 2009.

ATTORNEY FOR PLAINTFF
ANDREW GERALD

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
KURZ & FORTAS, LLC
Attorneys for Plaintiff
1932 N. Druid Hills Road, Suite 200
Atlanta, Georgia 30319
(866) 971-7208 x 412
(866) 971-7209 (fax)
dkurz@attorneysforconsumers.com